```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


RODERICK HALL                                    CIVIL ACTION

VERSUS                                           NO: 03-2550

RICHARD L. STALDER, ET AL                        SECTION: "R"(1)
```

### ORDER AND REASONS

Before the Court is the Magistrate Judge's report and recommendation that the claims against the remaining defendants in this matter be dismissed.  Plaintiff filed a letter with the Court objecting in general terms to the Magistrate's recommendation, but making no specific argument as to the accuracy of any of the findings of law or fact made by the Magistrate Judge.  Plaintiff submitted this letter to the Court on August 2, 2005, and has not since sought to supplement it. Having reviewed *de novo* the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and plaintiff's objections thereto, the Court DISMISSES the remaining claims.

## I. FACTUAL BACKGROUND

Plaintiff Roderick Hall is a prisoner currently incarcerated at the Washington Correctional Institute ("WCI") in Angie, Louisiana. He initially filed a section 1983 complaint *in forma pauperis* against Richard Stalder, James Miller, Rick Warren, Rodney Hillman, Billy Hill, Ralph Burch, and Ronnie Spears, alleging an excessive use of force, denial of medical care, cruel and unusual punishment, and deliberate indifference in violation of his Eighth Amendment rights. Defendants Stalder and Miller have been dismissed by the Court; the remaining defendants are all corrections officers at WCI. On November 30, 2004, the Magistrate Judge conducted a *Spears* hearing. After considering Hall's claims, the Magistrate Judge recommended that they be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

Hall has objected to the Magistrate Judge's findings. Hall states that "no matter how minor injuries or no matter how quickly they healed, what happen [sic] was against the law."

The Court reads this statement to mean that Hall does not dispute any of the Magistrate Judge's findings of fact, but only the legal conclusions drawn from those facts as they relate to the severity of the injuries alleged and the need for the

application of force.

Hall alleges in his complaint that Officers Hillman, Spears, and Hill began beating the plaintiff when he refused to let them put him into a pipe chase while handcuffed, as Officers Burch and Warren looked on.  They allegedly kicked, punched, stomped, and maced him as he rolled into a ball to protect himself.  Once his handcuffs were removed, he ran from the officers onto his Tier of cells, whereupon officer Hillman chased him down and choked him while Spears and Hill punched and kicked him.  This attack proceeded for a few minutes, with blows landing to Hall's private parts, arms, legs, back and head" until he made it back into his cell.  He further alleges that the EMT who examined him after the incident refused to write down all of his injuries.

Hall was examined by the medical staff of WCI on the morning of September 24, 2002, before the time of the alleged incident. the medical staff found: a small abrasion on the left side of his head and a scratch on the right side of his back, both treated with peroxide; and a knot behind his left ear.  After the alleged incident, on the morning of September 25, 2002, Hall was again examined by medical personnel.  They noted a scabbed-over scratch on his back and a small knot behind his left ear.  A sick call sheet generated the same day noted only a small area of broken skin without swelling or bruising, a scratch on the lower back

and small bruises to his left and right forearms.  He complained of back pain but the medical staff noted that he had a full range of motion in his back.  He received Motrin to treat his complaints of pain in his head, arms, and back.

By Hall's own testimony at his *Spears* hearing he told the guards that he wanted to fight them and bolted from their control during the alleged beatings.  Plaintiff has pled guilty to spitting on Officer Hill on September 24, 2002.  Though he denies doing this, he alleged it to be a reason that the officers used excessive force upon him.

**II.  DISCUSSION**

    **A.  Legal Standards**

A complaint filed *in forma pauperis* may be dismissed as frivolous if it lacks an arguable basis in law or fact.  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  If a plaintiff lacks the requisite physical injury to support a valid Eighth Amendment claim, the claim may be dismissed as frivolous.  *Id*.

    **B.  Analysis**

The Fifth Circuit has identified five factors which should be considered in determining whether an unnecessary and wanton infliction of pain was done in violation of an inmate's right to be free from cruel and unusual punishment. These factors are: (1)

the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992).

In Eighth Amendment cases involving claims of excessive use of force, the Fifth Circuit has expressly held that the claimant must show injuries that are more than *de minimis*, even if not "significant, serious, or more than minor," provided they are not of a sort repugnant to the conscience of mankind. *Siglar,* 112 F.3d at 193 (quoting *Hudson v. McMillian,* 503 U.S. 1, 10 (1992)); *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999).

In *Siglar*, the plaintiff suffered a sore, bruised ear which lasted for three days and did not require medical attention, an injury which was held to be *de minimis*. 112 F.3d at 193. Here the only injuries noted by medical personnel after the incident in question were a general body and head aches, a small area of broken skin without swelling or bruising, a scratch on the lower back (possibly the earlier-observed scratch) and small bruises to his left and right forearms. The only treatment required for these maladies was Motrin. Hall never sought additional medical care for any injuries stemming from this incident. Hall's injury

is plainly *de minimis* and his complaint may be dismissed as frivolous on that basis alone.

Second, the testimony presented at the *Spears* hearing tends to show that the officers were justified in the use of some force with Hall, as he bolted from them and stated he wanted to fight them.

As for the amount of the force used, Hall alleges that he was punched, kicked, maced, choked, and kicked in the groin. The officers deny all of these allegations. The Court finds these contentions to be highly unlikely given the absence of bruising or injuries noted by the medical personnel who examined Hall. Hall's complaints of (new) cuts and knots on his head and cuts on his back were not supported by the medical examinations he received. His complaint of a problem with his arms is too vague to examine further, though the Court notes that he has not attested to ongoing debilitation or loss of use of his arms during the days following the incident.

Concerning the fourth *Hudson* factor, Hall's testimony suggests that he posed a threat to institutional order and security because he was refusing to comply with the officers' orders and running from them.

Finally, the fact that Hall's injuries were *de minimis* suggests that whatever force was in fact used to restrain him was

tempered in its severity.  The core judicial inquiry in excessive force claims is whether force was used maliciously and sadistically for the very purpose of causing harm, rather than in a good faith effort to restore discipline.  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  Had the officers been sadistic or malicious in their intentions, the Court finds it entirely improbable that Hall would have escaped with so few observable injuries.

In sum, the *Hudson* factors suggest that Hall's claims for excessive use of force can bring him no relief.  Plaintiff has not named any treating medical personnel as defendants in his complaint; the Court thus finds those claims to be without merit as well.

### III. CONCLUSION

Consequently, this Court ADOPTS the findings of fact and conclusions of law as made by the Magistrate Judge and ORDERS plaintiff's remaining claims as to all defendants DISMISSED.

New Orleans, Louisiana, this __31st__ day of January, 2006.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT COURT